UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL KOCH                                      CIVIL ACTION

VERSUS                                            NO. 05-291

KENTWOOD SPRINGS ET AL.                           SECTION F

ORDER AND REASONS

Before the Court is the defendant's Motion for Reconsideration of this Court's May 17, 2006 Order Denying Defendant's Motion for Summary Judgment.  For the reasons that follow, the defendant's motion is GRANTED.  Based upon the record, the Court finds summary judgment appropriate.

**Background**

Michael Koch sued DS Waters of America, LP ("Kentwood Springs") for discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*

Mr. Koch worked for Kentwood Springs from October 1993 until his termination in April 2004.  In April 2004, he applied to renew his Commercial Driver's License.  As part of his application, Mr. Koch voluntarily submitted to a drug test, which was administered by a private company, ChoicePoint Workplace Solutions, Inc.  On April 13, 2004, ChoicePoint notified Kentwood Springs that Mr. Koch had tested positive for marijuana.[1]  Although the exact date is

---

[1] Mr. Koch disputed the results of his test and requested ChoicePoint retest his alternate sample.  ChoicePoint retested

1

unclear, shortly thereafter, Mr. Koch was terminated.  At the time of his termination, Mr. Koch, then 48 years old, worked as a Sales Supervisor.

Mr. Koch sued Kentwood Springs for age discrimination, alleging that during his employment he was subjected to a barrage of "ageist" comments by his supervisors, Andre Damiens and Gary Nunez, and further, that he was ultimately terminated because of his age.  As evidence of this discrimination, Mr. Koch notes that his supervisors referred to him as "old man," "old dog," and "old fart."  Additionally, he alleges that Damiens referred to him as having Alzheimer's, needing Viagra, and using Depends Adult Undergarments, amongst other things.  Mr. Koch claims that he complained about this harassment to his harassers, as well as other members of management, but the company ignored his complaints.

On May 17, 2006, this Court denied the defendant's motion for summary judgment, finding that given the ageist comments by Mr. Koch's supervisors, Damiens and Nunez, there were genuine issues of material fact as to the employer's motivation in terminating Mr. Koch.  The defendant now asks the Court to reconsider its ruling because neither Damiens nor Nunez had the authority to terminate Mr. Koch for violation of the Company's Drug and Alcohol Policy.

I.

This Court's Order and Reasons of May 17, 2006, denying

---

Mr. Koch's "B" sample, and again, detected marijuana.

Kentwood Spring's Motion for Summary Judgment, is an interlocutory order.  See Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1979) (denial of motion for summary judgment is an interlocutory order).  As such, the Order is not subject to Rule 60(b), but rather can be modified or rescinded by the Court, as justice requires, at any time before final decree.  Zimzores v. Veterans Admin. et al., 778 F.2d 264, 266 (5th Cir. 1985).

II.

As previously noted, the evidentiary burdens of each party in an ADEA case are well-established.  The plaintiff must first present a prima facie case of employment discrimination.  Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999).  If the plaintiff succeeds in establishing a prima facie case, the evidentiary burden shifts to the employer, who must then produce a legitimate, non discriminatory reason for the adverse employment decision.  Id.  The ultimate burden of proof, however, rests with the plaintiff.  Id.  He must prove, through probative evidence, that the employer's articulated reasons for dismissal are merely a pretext for discriminatory purposes.  Id.  To establish pretext, the plaintiff can produce evidence as to the employer's discriminatory animus or as to the falsity of the employer's legitimate, nondiscriminatory reason.

For purposes of this Motion for Reconsideration, the parties do not contest that the plaintiff can establish a prima facie case

of age discrimination.[2]   Further, it is also not disputed that
Kentwood Springs has satisfied its burden of producing a
legitimate, nondiscriminatory reason for Mr. Koch's termination:
that he failed a drug test in violation of company policy.[3]  The
parties do, however, contest if Mr. Koch can present sufficient
evidence to create a genuine issue of material fact that Kentwood's
Springs proffered reason for the plaintiff's termination is
pretextual.

In support of his contention that Kentwood's reasons for
firing him were pretextual, Mr. Koch presents evidence of a pattern
of ageist comments which were made by his supervisors, Gary Nunez
and Andre Damiens.[4]   Ageist remarks certainly can qualify as
sufficient evidence of age discrimination if they indicate an age-
based animus and the speaker is principally responsible for the

_____

[2] In particular, the Court notes that the alleged ageist
comments are sufficiently troublesome and aid the plaintiff in
establishing his prima facie case.  See Brown v. CSC Logic, Inc.,
82 F.3d 651, 657 (5th Cir. 1996) (Wisdom, J.).

[3] The Court notes that the undisputed evidence shows that
every employee, regardless of age, who failed a drug test was
asked to resign or was terminated.

[4] Mr. Koch also tries to establish pretext by presenting
evidence that other, younger employees were treated differently
than him.  As previously noted, the Court does not find this
argument persuasive because the younger employees were not
similarly situated.  Specifically, Mr. Koch is not similarly
situated to the younger employees who violated the company's
alcohol policy, nor is he similarly situated to employees who
were forced by Kentwood Springs to submit to drug tests upon
reasonable suspicion.

plaintiff's firing.  <u>Sandstad v. CB Richard Ellis, Inc.</u>, 309 F.3d 893, 899 (5th Cir. 2002); <u>see also</u> <u>Brown v. CSC Logic, Inc.</u>, 82 F.3d 651, 655 (5th Cir. 1996) (Wisdom, J.) (ageist remarks may serve as sufficient evidence of age discrimination if comments are (1) age related; (2) proximate in time to terminations; (3) made by individual(s) with authority over the employment decision at issue; and (4) related to the employment decision at issue).  Such comments reflect, at best, coarseness and ignorance.

Kentwood Springs contends that the ageist comments are insufficient to create a genuine issue of material fact as to pretext because the individuals making the comments, Nunez and Damiens, did not have authority over the decision to terminate Mr. Koch.  In support of its contention, Kentwood Springs presents the declaration of the HR Director, Steve Burke, which provides that Burke is the administrator of the company Drug and Alcohol Policy, and as such, he made the decision to terminate Mr. Koch based upon his positive drug test.[5]  Following his decision, Burke initiated a meeting with Mr. Koch and his two supervisors, in which the plaintiff was offered the opportunity to resign or be terminated.

---

[5] The defendant also submits with the Motion for Reconsideration an internal company document relating to Mr. Koch's termination.  <u>See</u> Exh. A, Motion for Reconsideration. Because the Court did not rely on this document in reaching its decision, the issue of submitting additional evidence in a Motion for Reconsideration is not considered.

The plaintiff cannot present any competent evidence that Damiens and Nunez had authority over the decision to terminate Mr. Koch.   In fact, the plaintiff admits, in response to the defendant's statement of uncontested facts, that "[b]ecause of the positive drug test, Burke, pursuant to the Policy, decided that Plaintiff would be given the opportunity to resign or have his employment terminated."   <u>See</u> Statement of Uncontested Facts #21. The only evidence in the record even suggesting that Damiens and Nunez were, in fact, involved in the termination is the plaintiff's own speculation that he *thinks* he remembers Nunez telling him that Damiens was involved in the termination.   Because this evidence is hearsay, it is insufficient to create a genuine issue of material fact for purposes of summary judgment.   <u>See</u> <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987) (hearsay evidence is not competent opposing evidence for purposes of summary judgment).   Furthermore, Mr. Koch's speculation is similarly insufficient to create a genuine issue of fact.[6]

Mr. Koch cannot present any competent evidence that either

---

[6] Mr. Koch also alleges that the Court can infer that Damiens and Nunez were involved in the decision to terminate his employment because both were present when Mr. Koch was officially terminated.   Because the only evidence presented suggests that Damiens and Nunez were not involved in the termination decision, the Court is not willing to speculate or guess what plaintiff hopes, but offers no evidence, might have happened.   <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (citations omitted) (to defeat a motion for summary judgment, the evidence must be significantly probative and not merely colorable).

Damiens or Nunez were responsible for his termination, or even that the HR Director was influenced by these two characters.  Their ageist comments, no matter how stupid or despicable, cannot support on this record a credible pretext argument for purposes of summary judgment.  Accordingly, because the employer presented a very legitimate and understandable reason for Mr. Koch's termination and because Mr. Koch cannot create a genuine issue of material fact as to pretext, the defendant's Motion for Reconsideration of this Court's May 17, 2006 Order Denying Defendant's Motion for Summary Judgment is GRANTED, and the Court's Judgment of May 17, 2006  is vacated.  Further, the defendant's Motion for Summary Judgment is granted, and the case is dismissed.

New Orleans, Louisiana, June 28, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE